# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  Plaintiff, )<br>  )<br>  v. )<br>  )<br>CITY OF PAWTUCKET; )<br>KENNETH R. MCGILL, City Registrar, in )<br>his official capacity; and Board of Canvassers )<br>Members MARIA M. PAVAO, EDWARD )<br>CATONE, JR., and ROBERT W. CASTLE, in )<br>their official capacities, )<br>  )<br>  Defendants. ) | Civil Action No. _____<br><br><br><br><br>**THREE-JUDGE**<br>**COURT REQUESTED** |

The United States of America, Plaintiff herein, alleges:

1. The United States brings this action pursuant to Section of the Voting Rights Act, 52 U.S.C. § 10503 ("Section 203"), Section 302 of the Help America Vote Act ("HAVA"), 52 U.S.C. § 21082 ("Section 302"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, with respect to the conduct of elections in the City of Pawtucket, Rhode Island.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, 2201 and 2202, and 52 U.S.C. §§ 10307, 10308, 10504, and 21111.

3. Venue is proper as the events relevant to this action occurred in the City of Pawtucket, Rhode Island, which is located in the United States judicial district for the District of Rhode Island. 28 U.S.C. §§ 110 and 1391.

## THREE-JUDGE COURT

4. In accordance with 52 U.S.C. § 10504 and 28 U.S.C. § 2284, the claim under Section 203 of the Voting Rights Act (the first cause of action) must be heard and determined by a court of three judges. The other cause of action, under Section 302 of HAVA, may be heard and determined by one judge.

## PARTIES

5. The Attorney General of the United States brings this action on behalf of Plaintiff United States of America, pursuant to the Voting Rights Act, 52 U.S.C. §§ 10503 and 10504; HAVA, 52 U.S.C. §§ 21082 and 21111; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6. Defendant City of Pawtucket is a political and geographical subdivision of the State of Rhode Island and exists under the laws of that state.

7. The powers of the City of Pawtucket as a body politic and corporate are exercised by the inhabitants of the city and may, in their corporate name, be sued in any court. R.I. Gen. Laws § 45-15-1.

8. Defendant Kenneth R. McGill, Registrar for the City of Pawtucket, is responsible for the administration of voting and elections in the City of Pawtucket and is sued in his official capacity.

9. Defendants Edward Catone, Jr., Maria M. Pavao and Robert W. Castle are sued in their official capacity as members of the Pawtucket Board of Canvassers. R.I. Gen Laws § 17-8-1. As members of Pawtucket's bipartisan canvassing

authority, they discharge all the functions, powers and duties of the of the town council concerning nominations, elections, registration of voters and canvassing rights, the preparing and correcting of voting lists, and other related matters, pursuant to R.I. Gen Laws § 17-8-5(a)(2). They also have the authority to appoint and employ all its necessary clerical and technical assistants and fix the compensation of each person appointed, within the limits of funds available to it pursuant to law. R.I. Gen Laws § 17-8-5(a)(4).

## FACTUAL ALLEGATIONS

10. According to the 2020 Census, the City of Pawtucket has a total population of 75,604, of whom 18,727 (24.8%) are Hispanic. The total voting-age population is 59,149, of whom 13,239 (22.4%) are Hispanic. According to the 2018-2022 American Community Survey ("ACS"), the city has an estimated citizen voting-age population ("CVAP") of 53,304, of whom 10,235 (19.3%) are Hispanic. The 2018-2022 5-year ACS estimates that 2,903 Spanish-speaking voting-age citizens in Pawtucket are limited English proficient ("LEP").

11. As of January 2024, the City of Pawtucket had 45,254 total active registered voters, of whom 9,961 (22%) had Spanish surnames.

12. Defendants the City of Pawtucket, the Registrar, and the Board of Canvassers are subject to the requirements of Section 203 with respect to the Spanish language, as designated by the Director of the Census. 52 U.S.C. § 10503(b)(2)(A); *see also* 86 Fed. Reg. 69,616 (Dec. 8, 2021). The determination that

the City of Pawtucket is covered by Section 203 for the Spanish language is not subject to judicial review. 52 U.S.C. § 10503(b)(4); 28 C.F.R. § 55.4(a)(2).

13. Defendants have been continuously covered by Section 203 since 2011. 52 U.S.C. § 10503(b)(2)(A); *see also* 81 Fed. Reg. 87,536 (Dec. 5, 2016); 76 Fed. Reg. 63,605 (Oct. 13, 2011). With each new coverage determination, the U.S. Department of Justice has provided the City of Pawtucket with written notice of its obligations under Section 203 of the Voting Rights Act.

14. Because Defendants are subject to the language minority requirements of Section 203, "any registration or voting notices, forms, instructions, assistance or other materials or information relating to the electoral process, including ballots," must be provided in Spanish to Spanish-speaking voters. 52 U.S.C. § 10503(c).

15. Defendants have failed to comply with Section 203 of the Voting Rights Act because they have not recruited, properly staffed, and trained enough bilingual Spanish-speaking poll workers capable of providing LEP Spanish-speaking voters with necessary and effective language assistance during elections conducted by the City of Pawtucket.

16. Defendants have also failed to comply with Section 203 of the Voting Rights Act by failing to provide election-related materials, including but not limited to ballots and other Election Day materials, postcard and newspaper-posted notices, and election information in the Board of Canvassers' and City's websites, in a

4

manner that ensures that LEP Spanish-speaking voters have the opportunity to be fully informed about election-related activities and to cast an effective ballot.

17. The City of Pawtucket is subject to Section 302(a) of HAVA, which requires that jurisdictions conducting elections involving a federal office must provide a provisional ballot "[i]f an individual declares that such individual is a registered voter in the jurisdiction in which the individual desires to vote and that the individual is eligible to vote in an election for Federal office, but the name of the individual does not appear on the official list of eligible voters for the polling place or an election official asserts that the individual is not eligible to vote." 52 U.S.C. § 21802(a).

18. Sections 302(a)(1) and (2) of HAVA provide that prior to the casting of a provisional ballot, an election official at the polling place shall notify the individual that the individual may cast a provisional ballot in that election, and that the individual shall be permitted to cast a provisional ballot at that polling place upon the execution of a written affirmation by the individual before an election official at the polling place stating that the individual is a registered voter in the jurisdiction in which the individual desires to vote; and is eligible to vote in that election. 52 U.S.C. §§ 21802(a)(1)-(2).

19. Section 302(a)(5)(A) of HAVA requires that at the time that an individual casts a provisional ballot, the state or local election official shall give the individual written information that states that any individual who casts a provisional ballot

will be able to ascertain through a free system whether the vote was counted, and, if the vote was not counted, the reason that the vote was not counted. 52 U.S.C. § 21082(a)(5)(A).

20. Defendants have been required to comply with Section 302 of HAVA in any election for federal office since January 1, 2004. 52 U.S.C. § 21082(d).

21. During past elections for federal office in the City of Pawtucket, Defendants have failed to comply with the provisional ballot requirements of Section 302(a) of HAVA by:

> (a) Refusing to allow individuals who were qualified to cast a provisional ballot to do so; and
>
> (b) Failing to train and instruct poll officials accurately and adequately regarding the requirements for offering and completing provisional ballots and when such ballots should be provided to voters.

## FIRST CAUSE OF ACTION: SECTION 203

22. The United States hereby restates and incorporates by reference the allegations contained in paragraphs 10 through 21, above.

23. Defendants' failure to provide LEP Spanish-speaking voters in Pawtucket with Spanish language election materials, information, and assistance, as described above, constitutes a violation of Section 203.

24. Unless enjoined by this Court, Defendants will continue to violate Section 203 by failing to provide LEP Spanish-speaking voters in the City of

Pawtucket with Spanish language election materials, information, and assistance necessary for their effective participation in the political process.

## SECOND CAUSE OF ACTION: HAVA SECTION 302

25. The United States hereby restates and incorporates by reference the allegations contained in paragraphs 10 through 24 above.

26. Defendants have failed to comply with Section 302(a) of HAVA by failing to provide provisional ballots, as described above.

27. Unless enjoined by this Court, Defendants will continue to violate Section 302 of HAVA by failing to offer provisional ballots to eligible persons in the City of Pawtucket.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that this Court enter an order:

(1) Declaring that Defendants have failed to provide, in the Spanish language, election materials, information, and assistance necessary for the political participation of LEP Spanish-speaking voters in the City of Pawtucket, in violation of Section 203 of the Voting Rights Act, 52 U.S.C. § 10503;

(2) Enjoining Defendants, their employees, agents, and successors in office, and all persons acting in concert with them, from failing to provide, in an effective manner, election materials, information, and assistance in the Spanish language to LEP Spanish-speaking voters in

      the City of Pawtucket as required by Section 203 of the Voting Rights Act, 52 U.S.C. § 10503;

(3) Requiring Defendants, their employees, agents, and successors in office and all persons acting in concert with any of them, to promptly develop and implement a remedial program to ensure that LEP Spanish-speaking voters in the City of Pawtucket receive election materials, information, and assistance to effectively participate in all phases of the electoral process, as required by Section 203 of the Voting Rights Act, 52 U.S.C. § 10503;

(4) Declaring that Defendants are not in compliance with Section 302(a) of HAVA with respect to the proper administration of provisional ballots in elections for federal office, 52 U.S.C. §§ 21082(a);

(5) Enjoining Defendants, their employers, agents, and successors in office, and all persons acting in concert with them, from failing or refusing to comply with the requirements of Section 302(a) of HAVA, 52 U.S.C. §§ 21082(a);

(6) Requiring Defendants to develop and implement a remedial plan to remedy the demonstrated violations of Section 302(a) of HAVA, fully and completely before the next election for federal office in September 2024; and

(7) Authorizing the appointment of federal observers to observe elections

8

held in the City of Pawtucket pursuant to Section 3(a) of the Voting Rights Act, 52 U.S.C. § 10302.

The United States further prays for such additional relief as the interests of justice may require, together with the costs and disbursements in maintaining this action.

Dated, this 23rd day of May, 2024.

PLAINTIFF,
UNITED STATES OF AMERICA,

ZACHARY A. CUNHA
United States Attorney
District of Rhode Island

By: _____
AMY R. ROMERO
Assistant U.S. Attorney
U.S. Attorney's Office for the District of Rhode Island
One Financial Plaza, 17th Floor
Providence, Rhode Island 02903
Telephone: (401) 709-5000
Facsimile: (401) 709-5001

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

By: _____
TAMAR HAGLER
TIMOTHY F. MELLETT
MARIA H. RIOS
DC Bar Number 468072
Attorneys, Voting Section

Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue, NW
4CON 8.1136
Washington, D.C. 20530
Telephone: (202) 353-5059
Facsimile: (202) 307-3961