UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
        Plaintiff,                  )
                                    )
        v.                          ) No. 24-cv-00209-WES-WJK-MSM
                                    )
CITY OF PAWTUCKET, RHODE ISLAND;    )
Kenneth R. McGill, in his official  )
capacity as City Registrar;         )
Maria M. Pavao, Edward Catone, Jr.,)
and Robert W. Castle, in their     )
official capacities as members of   )
the Pawtucket Board of Canvassers, )
                                    )
        Defendants.                 )
_____)

## MEMORANDUM AND ORDER

Plaintiff, the United States, filed this action alleging that the City of Pawtucket, Rhode Island failed to provide Pawtucket voters with the Spanish-language election materials and provisional ballots to which they are entitled under federal law. The United States named as defendants the City of Pawtucket, City Registrar Kenneth R. McGill, and Pawtucket Board of Canvassers members Maria M. Pavao, Edward Catone, Jr., and Robert W. Castle (hereinafter "the City" and "City Voting Officials").

The parties have submitted to the Court a proposed Consent Order, which would resolve the litigation. For the following reasons, the Court approves the Consent Order and thereby GRANTS the parties' Joint Motion for Entry of Consent Order, ECF No. 2.

## I.   BACKGROUND

In bringing this action, the United States alleged that the City had failed to comply with two provisions of federal election law in past elections. Compl. 6-7, ECF No. 1. The first provision, Section 203 of the Voting Rights Act ("VRA"), requires covered jurisdictions -- including the City -- to make available in Spanish "any registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots" provided to voters in English. See 52 U.S.C. § 10503(b)-(c); 86 Fed. Reg. 69,616 (Dec. 8, 2021).

The second provision, Section 302 of the Help America Vote Act ("HAVA"), requires jurisdictions to offer provisional ballots to any individual who "declares" themself "a registered voter in the jurisdiction in which the individual desires to vote" and "eligible to vote in an election for Federal office," even when "the name of the individual does not appear on the official list of eligible voters for the polling place or an election official asserts that the individual is not eligible to vote." 52 U.S.C. § 21082(a).

The Complaint alleges that Defendants violated Section 203 of the VRA by failing to provide certain election-related materials in Spanish and declining to recruit and train enough bilingual voters to assist Spanish-speaking voters at the polls. Compl.

¶¶ 12-16.  It also alleges that Defendants violated Section 302 of HAVA by both refusing to allow individuals who were qualified to cast a provisional ballot to do so, and by neglecting to train poll officials adequately on HAVA's provisional ballot requirement.  Id. ¶¶ 17-21.

The City and City Voting Officials deny that they have failed to comply with federal law.  Mem. Law Supp. Joint Mot. Entry Consent Order ("Joint Mem.") 3, ECF No. 2-1.  Nonetheless, the parties have reached an accord and presented the Court with a proposed Consent Order for review.  Proposed Consent Order ("Proposed Order"), ECF No. 2-2.  They state that the Proposed Order "includes provisions to ensure compliance with Section 203 of the Voting Rights Act and Section 302 of HAVA."  Joint Mem. 3.

## II. LEGAL STANDARD

District courts may approve a consent order where it (1) "spring[s] from, and serve[s] to resolve, a dispute within the court's subject-matter jurisdiction"; (2) "come[s] within the general scope of the case made by the pleadings"; and (3) "further[s] the objectives of the law upon which the complaint was based."  Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004) (citing Firefighters v. Cleveland, 478 U.S. 501, 525 (1986)).  The parties by consent cannot obtain a decree that blesses or compels a violation of the law.  Firefighters, 478 U.S. at 525.  But federal courts are "not necessarily barred from entering a consent

3

decree merely because the decree provides broader relief than the court could have awarded after a trial." Id.

The First Circuit has articulated additional guidance for district courts considering consent decrees. To that end, it has noted "the strong public policy in favor of settlement[]," which "has added bite where the settlement has been advanced for entry as a decree by a government actor committed to the protection of the public interest and specially trained and oriented in the field." United States v. Comunidades Unidas Contra La Contaminacion, 204 F.3d 275, 280 (1st Cir. 2000) (internal quotations omitted). Nevertheless,

> [T]he district court must assure itself that the parties have validly consented; that reasonable notice has been given [to] possible objectors; that the settlement is fair, adequate, and reasonable; that the proposed decree will not violate the Constitution, a statute, or other authority; that it is consistent with the objectives of Congress; and, if third parties will be affected, that it will not be unreasonable or legally impermissible as to them.

Durrett v. Hous. Auth. of City of Providence, 896 F.2d 600, 604 (1st Cir. 1990).

### III. DISCUSSION

The Proposed Order does not raise any concerns based on the standards described above.

First, the presumption in favor of settlement has "added bite" here because the United States is party to the consent decree.

4

Furthermore, there is no reason to doubt that the parties are in agreement concerning the provisions of the consent decree ensuring the City's compliance with the VRA and HAVA.

Second, given the nature and subject matter of this proposed decree, reasonable notice has been given. In so finding, we recognize that in Durrett, the notice requirement appears to have been fulfilled by a notice pre-approved by the court. 896 F.2d at 602. That case, though, was a class action subject to the notice requirements of Federal Rule of Civil Procedure 23. We have unearthed no similarly strict notice requirement pertaining to consent decrees generally. See, e.g., Conservation L. Found. of New England, Inc. v. Franklin, 989 F.2d 54, 58 (1st Cir. 1993) (quoting the Durrett standard with notice requirement omitted); City of Bangor v. Citizens Commc'ns Co., 532 F.3d 70, 87 (1st Cir. 2008) (status reports from settlement conferences enough to "put the third and fourth parties on notice that settlement discussions were ongoing").

Here, the United States' press release and docket notification are sufficient to satisfy the notice requirement. See Press Release, Dep't Justice, Justice Department Secures Agreement with Pawtucket, Rhode Island, to Resolve Voting Rights Lawsuit (May 23, 2024), https://www.justice.gov/opa/pr/justice-department-secures-agreement-pawtucket-rhode-island-resolve-voting-rights-lawsuit. This is particularly so because there do

5

not appear to be any individuals who could be adversely affected by this decree in any respect who would support an objection.

Third, the proposed settlement comes within the scope of the pleadings and furthers the goals of Section 203 of the VRA and Section 302 of HAVA. The requirements closely track the underlying statutes, and are clearly in line with the violations alleged. Some of the requirements are perhaps more specific than anything the United States could have achieved through litigation (e.g., requiring the City to hire an individual to coordinate the Spanish-language election program; requiring the Mayor's Community Board to serve as an Advisory Group to determine how to provide materials, assistance, and information to Spanish-speaking voters). But the Supreme Court has made clear that this does not doom a settlement, and furthermore, the provisions merely specify a remedial plan that the City would otherwise have to create were the United States to prevail in litigation. There is no hint of illegality or unreasonableness in the substance of the agreement, nor any apparent unfairness in the process that led to it.

## IV. CONCLUSION

For the foregoing reasons, the parties' Joint Motion for Entry of Consent Order, ECF No. 2, is GRANTED and the Clerk is directed to ENTER the Proposed Consent Order, ECF No. 2-2.

IT IS SO ORDERED.

_____
William J. Kayatta, Jr.
Circuit Judge
Date: July 30, 2024

_____
William E. Smith
District Judge
Date: July 30, 2024

_____
Mary S. McElroy
District Judge
Date: July 30, 2024